# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARITZA M. ARCOS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-04914 |
| LIBERTY POWER CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, LARITZA M. ARCOS, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, LIBERTY POWER CORPORATION, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Automatic Telephone Dialers Act, 815 ILCS § 305 *et seq.* ("ATDA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Arcos' TCPA claim(s) pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over Arcos' ATDA claim(s) pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. LARITZA M. ARCOS ("Arcos") is a natural person, over 18-years-of-age, who at all times relevant resided in this District.

6. Arcos is a "person" as defined by 47 U.S.C. § 153(39).

7. Arcos is a "subscriber" as defined by 815 ILCS § 305/5(e).

8. LIBERTY POWER CORPORATION ("Liberty Power") is a foreign corporation with its principal place of business in Fort Lauderdale, Florida.

9. Liberty Power is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

10. Liberty Power develops marketing campaigns using a combination of sales channels, with an emphasis on door-to-door marketing and outbound telemarketing.

11. Upon information and belief, Liberty Power's outbound telemarketing efforts include the use of an automated telephone dialing system ("ATDS") to solicit energy services.

12. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

13. An ATDS allows its telemarketing agents – who, upon information and belief, are paid an hourly wage – to only communicate with consumers who answer their phone.

14. Consequently, Liberty Power shifts the burden of wasted time to consumers with unsolicited calls and messages.

## FACTUAL ALLEGATIONS

15. At all times relevant, Arcos' number ending in 7829 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Arcos was the sole operator, possessor, and subscriber of the number ending in 7829.

17. At all times relevant, Arcos was financially responsible for her cellular telephone equipment and services.

18. On or before June 19, 2018, Liberty Power surreptitiously obtained Arcos' number ending in 7829.

19. Liberty Power proceeded to place or cause others to place unconsented-to calls to Arcos using an ATDS as that term is defined by 47 U.S.C. § 227(a)(1).

20. Liberty Power proceeded to place or cause others to place unconsented-to calls to Arcos using an autodialer or autodialer system as that term is defined by 815 ILCS § 305/5(a).

21. In total, Liberty Power placed or caused others to place no less than 25 unconsented-to calls to Arcos' number ending in 7829, including, but not limited to on:

    June 19, 2018 at 11:35 AM
    June 20, 2018 at 10:03 AM
    June 20, 2018 at 1:27 PM
    June 20, 2018 at 5:42 PM
    June 21, 2018 at 10:59 AM
    June 21, 2018 at 5:24 PM
    June 22, 2018 at 12:24 PM
    June 22, 2018 at 2:23 PM
    June 25, 2018 at 9:10 AM
    June 25, 2018 at 1:32 PM
    June 26, 2018 at 10:28 AM
    June 27, 2018 at 10:11 AM
    June 27, 2018 at 3:22 PM
    June 28, 2018 at 11:27 AM
    June 29, 2018 at 11:55 AM
    July 2, 2018 at 10:58 AM
    July 2, 2018 at 4:09 PM
    July 3, 2018 at 9:38 AM
    July 3, 2018 at 1:06 PM
    July 5, 2018 at 12:08 PM
    July 6, 2018 at 9:51 AM
    July 6, 2018 at 4:24 PM
    July 10, 2018 at 2:29 PM
    July 11, 2018 at 11:01 AM
    July 11, 2018 at 3:09 PM

22. On June 20, 2018 at 1:27 PM, Arcos answered and was received by silence then audible clicking, before she was connected to a telemarketing agent.

23. Specifically, Arcos experienced clear pause from when she said "hello," to when a telemarketing agent introduced them self.

24. Arcos stated "[n]ot interested, do not call."

25. At no time did Liberty Power obtain consent from Arcos to receive robocalls or pre-recorded messages to her number ending in 7829.

## **DAMAGES**

26. Liberty Power's robocalls and pre-recorded messages have severely disrupted Arcos' everyday life and overall well-being.

27. Liberty Power's robocalls and pre-recorded messages have resulted in intrusion and occupation of Arcos' cellular services, thus impeding receipt of other calls.

28. Liberty Power's robocalls and pre-recorded messages have caused Arcos actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Arcos' cellular telephone capacity, wasting Arcos' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation and annoyance that accompanies unsolicited telephone calls, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

29. Concerned about the violations of her rights and invasion of her privacy, Arcos sought counsel to file this action to compel Liberty Power to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

32. Under the TCPA Consent Rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

33. "Prior express *written* consent" is required for:

    - All telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and

    - All artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

34. The TCPA Consent Rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

---

[1] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

35. Liberty Power placed or caused to be placed no less than 25 non-emergency calls to Arcos' number ending in 7829 utilizing an ATDS without Arcos' prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36. Upon information and belief, Liberty Power has no database to maintain and update consumers' contact preferences and consent to call them.

37. As a result of Liberty Power's violations of 47 U.S.C. § 227 *et seq.*, Arcos is entitled to receive $500.00 in damages for each such violation.

38. As a result of Liberty Power's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Arcos is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Arcos requests the following relief:

a. find that Liberty Power violated 47 U.S.C. § 227 *et seq.*;

b. enjoin Liberty Power from placing or causing to place calls to Arcos;

c. award damages of $500.00 for each such violation;

d. award treble damages up to $1,500.00 for each such violation; and

e. grant any other relief deemed appropriate and equitable.

## COUNT II:
## Automatic Telephone Dialers Act (815 ILCS § 305 *et seq.*)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. From June 19, 2018 to present-day, Liberty Power made or caused to be made no less than 25 telemarketing calls to Arcos utilizing an autodialer in violation of 815 ILCS § 305/30(a).

41. As a result of Liberty Power's violations of 815 ILCS § 305 *et seq.*, Arcos is entitled to receive $500.00 in damages for each such violation.

42. As a result of Liberty Power's *knowing and willful violations* of 815 ILCS § 305 *et seq.*, Arcos is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Arcos requests the following relief:

a. find that Liberty Power violated 815 ILCS § 305/30(a);

b. enjoin Liberty Power from placing or causing to place calls to Arcos;

c. award damages of $500.00 for each such violation;

d. award treble damages up to $1,500.00 for each such violation; and

e. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

July 18, 2018                                                                 Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Laritza M. Arcos*